UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WILLIAM NOVAK., | No. 2:20-cv-01721 JAM AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TINA M. MENDEZ; PROBER & RAPHAEL, ALC; and AMERIHOME MORTGAGE COMPANY, LLC, | |
| Defendants. | |

On January 21, 2021, the court issued findings and recommendations that this case be dismissed for failure to prosecute. ECF No. 17. However, on January 19, 2021, plaintiff filed two documents: a notice of voluntary dismissal of defendant Amerihome Mortgage Company, and a notice of appearance. ECF Nos. 18 and 19. A court building closure delayed the docketing of these documents. Considering plaintiff's filings, the findings and recommendations at ECF No. 17 are VACATED. Further, pursuant to plaintiff's voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), defendant Amerihome Mortgage Company LLC is DISMISSED from this action and its pending motion to dismiss (ECF No. 6) is DENIED as MOOT.

Remaining before the court on plaintiff's motion for default judgment against remaining defendants Prober & Raphael, ALC and Tina M. Mendez (ECF No. 12) and remaining defendants' motion to set aside default (ECF No. 14). These motions were referred to the

undersigned pursuant to E.D. Cal. R. 302(c)(19).  Finding no hearing necessary, the matters were taken under submission by the court.  ECF No. 15.  For the reasons stated below, the court recommends remaining defendants' motion to set aside default be GRANTED and plaintiff's motion for default judgment be DENIED as moot.

## I. Background

Plaintiff filed his complaint on August 28, 2020.  ECF No. 1.  Plaintiff filed a summons returned executed on November 30, 2020.  ECF No. 7.  Plaintiff requested entry of default against all defendants on December 2, 2020 (ECF No. 11), and default was entered against the remaining defendants that same day (ECF No. 10).  Plaintiff filed a motion for default judgment on December 7, 2020 but did not properly notice the motion.  ECF No. 12.  The remaining defendants moved to set aside default on December 16, 2020.  ECF No. 14.  The matter was taken under submission.  ECF No. 15.

## II. Analysis

### A. Legal Standard

The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party.  See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2004).  This standard, which is the same as the one used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.  See id.  Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695–96 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001).

1 Additionally, "[w]hile the same test applies for motions seeking relief from default judgment
2 under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context."
3 Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted).
4 This is because in the Rule 55 context there is no interest in the finality of the judgment with
5 which to contend.  See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir.
6 1986).

       B.      There is Good Cause to Set Aside Default in This Case

Entry of default in this case should be set aside because it is clear that (1) defendants did not engage in culpable conduct; (2) defendants have potentially meritorious defenses which they are entitled to litigate; and (3) setting aside default would not prejudice plaintiff.  See Franchise Holding II, LLC, 375 F.3d at 925–26.

          1.    Culpable Conduct

The court finds that defendant did not engage in culpable conduct.  "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer . . . [I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."  United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (internal citations omitted).

There is no evidence here that defendants' conduct was culpable.  The remaining defendants, who are represented by the same counsel, submitted a sworn statement from counsel indicating that he did not believe his clients were properly served, though he was aware of the action and was monitoring it, and had thought plaintiff had abandoned the case.  ECF No. 14-1.  There is no evidence of culpable conduct here.

          2.    Potentially Meritorious Defenses

The remaining defendants assert they intend to defend themselves in this case.  ECF No. 14 at 6.  Though defendants specifically state they intend to join the pending motion to dismiss

1 from Amerihome, which is now moot due to that defendants' voluntary dismissal, the
2 undersigned construes the statement as an indication that the remaining defendants believe they
3 have grounds for a motion to dismiss.

      3. <u>Prejudice to Plaintiff</u>

Finally, lifting the entry of default will not prejudice plaintiff.  Indeed, plaintiff did not oppose the motion to set aside.  The fact that the motion to set aside was filed less than 10 days after the motion for default judgment was filed also weighs against prejudice.  Accordingly, the motion to set aside default should be granted.

  C.  <u>Plaintiffs' Motion for Default Judgment is Moot</u>

Because defendants' motion to set aside default judgment should be granted, plaintiff's motion for default judgment (ECF No. 12) must necessarily be denied as moot.

### III. Conclusion

It is hereby ORDERED that:

  1. The findings and recommendations at ECF No. 17 are VACATED;

  2. Defendant Amerihome Mortgage Company, LLC is DISMISSED pursuant to plaintiff's voluntary dismissal; and

  3. The pending motion to dismiss by Amerihome Mortgage Company (ECF No. 6) is DENIED as MOOT.

Further, IT IS HEREBY RECOMMENDED defendants' motion to set aside default (ECF No. 14) be GRANTED and plaintiff's motion for default judgment (ECF No. 12) be DENIED as moot.  Further, it is recommended that defendants be ordered to file a proper answer or other response to the complaint within 14 days of entry of the District Judge's order on this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all

parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 26, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE