UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH WILLIAM NOVAK, | No. 2:20-cv-01721 JAM AC PS |
| Plaintiff, | |
| v. | ORDER and |
| TINA MENDEZ, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21). Pending is a motion to dismiss from all remaining defendants: Tina M. Mendez and Prober & Raphael, a Law Corporation. ECF No. 21. Defendant Americhem Mortgage Company, LLC has been voluntarily dismissed by the plaintiff. ECF No. 19. Plaintiff did not oppose the motion but did move to strike it. ECF No. 26. Based on a review of the record, the court recommends that the motion to strike be DENIED and the motion to dismiss be GRANTED, and that this case be closed.

**I.   BACKGROUND**

A. Procedural History

Plaintiff Joseph-William Novak initiated this wrongful foreclosure action in pro se against defendants Tina M. Mendez, Proper & Raphael, ALC, and AmeriHome Mortgage Company, LLC on August 29, 2020. ECF No. 1. On January 19, 2021, plaintiff voluntarily dismissed AmeriHome Mortgage Company, LLC pursuant to Fed. R. Civ. Pl 41(a)(1)(A)(i). ECF No. 19.

1

B. <u>Allegations of the Complaint</u>

Plaintiff alleges that the property at 11030 Carmenet Way, Ranch Cordova, CA ("subject property") was wrongfully foreclosed on by a party without the legal right to sign the notice of default letter on behalf of the trustee. ECF No. 1 at 1. On December 17, 2018, plaintiff purchased the subject property and obtained a mortgage loan from Mortgage Research Center, LLC dba Veterans United Home Loans, in the approximate amount of $422,500.00. <u>Id.</u> at 9. Plaintiff alleges that he was never actually provided a loan and that the "original debt was actually zero because the plaintiff's financial asset was exchanged for Federal Reserve promissory notes in an even exchange." <u>Id.</u>

In early 2020, AmeriHome Mortgage Company, LLC claimed that plaintiff was behind on payments and hired foreclosure attorneys Prober & Raphael, ALC to commence foreclosure proceedings. <u>Id.</u> at 11. On February 3, 2020, a Notice of Default was issued and signed by the attorney working for the foreclosure services. <u>Id.</u> Plaintiff brings claims for wrongful foreclosure, violations of the Fair Debt Collections Practices Act, violations of the Truth in Lending Act (Regulation Z), Breach of Contract, violations of Federal Trust and Lien Laws, Slander of Title, Slander of Credit, and Infliction of Emotional Distress. <u>Id.</u> at 14-16.

## II.  MOTION TO STRIKE

Plaintiff moves to strike the pending motion to dismiss because Prober & Raphael, ALC is a defendant in plaintiff's wrongful foreclosure suit and is representing itself through its affiliated attorney Lee S. Raphael. ECF No. 26 at 3. Plaintiff asserts this violates the rule against corporations/entities proceeding in pro se. <u>Id.</u> Mr. Raphael is an active licensed attorney in the State of California; the entity defendant is therefore represented by counsel and not a pro se litigant. The motion to strike must be DENIED.

## III.  MOTION TO DISMISS

Remaining defendants Mendez and Prober & Raphael seek to dismiss the complaint against it in its entirety under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7) on the basis that (1) the complaint fails to state a claim upon which relief can be granted, and (2) plaintiff has dismissed an indispensable party and thus fails to satisfy Red. R. Civ. P. 19. The undersigned

agrees that plaintiff has not stated any claim upon which relief can be granted and this case must be dismissed in its entirety without leave to amend.

### A. Standards under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

1    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
3  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
4  of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
5  2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an
6  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
7  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

        B.   Request for Judicial Notice

9    A court may take judicial notice of certain facts. Fed. R. Evid. 201. "A judicially noticed
10 fact must be one not subject to reasonable dispute in that it is either (1) generally known within
11 the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by
12 resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
13 Even where a document is not subject to judicial notice, however, the court may still consider a
14 document proffered for judicial notice, if it qualifies under the "incorporation by reference"
15 doctrine. "[T]he 'incorporation by reference' doctrine...permits us to take into account
16 documents 'whose contents are alleged in a complaint and whose authenticity no party questions,
17 but which are not physically attached to the [plaintiff's] pleading.'" Knievel v. ESPN, 393 F.3d
18 1068, 1076 (9th Cir. 2005) (quoting Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.),
19 183 F.3d 970, 986 (9th Cir. 1999)). The Ninth Circuit has extended the doctrine to situations in
20 which the plaintiff's claim depends on the contents of a document, the defendant attaches the
21 document to its motion to dismiss, and the parties do not dispute the authenticity of the document,
22 even though the plaintiff does not explicitly allege the contents of that document in the complaint.
23 Knievel, 393 F.3d at 1076.

24    The court takes judicial notice of all exhibits in remaining defendants' request for judicial
25 notice. ECF No. 24-1 at 3-29. Each of these exhibits is a matter of public record. Id. The
26 exhibits include: (1) Grant Deed, recorded in the Official Records of Sacrament County on
27 December 14, 2018; (2) Deed of Trust recorded in the Official Records of Sacramento County on
28 December 14, 20 I 8 ; (3) Assignment of Deed of Trust, recorded in the Official Records of

1  Sacramento County on October 22, 2019; (4) Substitution of Trustee, recorded in the Official
2  Records of Sacramento County on February 4, 2020.  The court takes judicial notice of each of
3  these documents.  The court also takes judicial notice of the publicly recorded documents
4  incorporated into plaintiff's complaint, including a Notice of Default and Election to Sell
5  recorded February 2, 2020 (ECF No. 1 at 17-21).

          C.  <u>The Complaint Fails to State A Claim</u>

7        Defendants contend that each of plaintiff's individual causes of action fails to state a claim
8  and cannot be amended to state a claim.  ECF No. 24.  For the reasons set forth below, the
9  undersigned agrees that each of plaintiff's claims must be dismissed with prejudice.

10           1.  *Wrongful Foreclosure*

11       Plaintiff alleges that the "foreclosing party did not have standing to execute the power of
12 sale clause in the deed of trust, and therefore the non-judicial foreclosure was void."  ECF No. 1
13 at 14-15.  Plaintiff asserts the defendants "did not register the promissory note to establish a
14 security interest in the financial asset to take the position of a secured creditor."  <u>Id.</u> at 11.

15       "A beneficiary or trustee under a deed of trust who conducts an illegal, fraudulent or
16 willfully oppressive sale of property may be liable to the borrower for wrongful foreclosure; a
17 foreclosure initiated by one with no authority to do so is wrongful for purposes of such an
18 action."  <u>Yvanova v. New Century Mort. Corp.</u>, 62 Cal. 4th 919, 929 (2016).  The basic elements
19 of wrongful foreclosure are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or
20 willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of
21 trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor
22 or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured
23 indebtedness or was excused from tendering."  <u>Miles v. Deutsche Bank Nat'l Tr. Co.</u>, 236 Cal.
24 App. 4th 394, 408 (2015).  A wrongful foreclosure suit can also be brought under the allegation
25 that foreclosure was conducted by one who had no legal right to do so.  <u>Sciarratta v. U.S. Bank
26 Nat'l Ass'n</u>, 247 Cal. App. 4th 552, 566 (2016).  Those who possess a legal right are the trustee,
27 mortgagee, beneficiary, or any of their authorized agents.  Cal. Civ. Code § 2924(a)(1).  The
28 trustee under a trust deed "may be substituted by the recording in the county in which the

property is located of a substitution executed and acknowledged by: (A) all of the beneficiaries under the trust deed." Cal. Civ. Code. § 2934a(a)(1). A trustee of a deed of trust acts at the direction of the lender-beneficiary. Yvanova, 62 Cal. 4th at 927. As a result, the trustee may formally initiate nonjudicial foreclosure only at the direction of the person that currently holds the note and beneficial interest under the DOT. Id.

In general "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. 2009). There are exceptions to this rule: no tender is required when (1) where the borrower attacks the validity of the underlying debt; (2) when a plaintiff has a counterclaim or setoff against the beneficiary; (3) when tender would be an inequitable condition to impose; and (4) "no tender will be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 113 (2011).

Here, the judicially noticeable documents show there is no available wrongful foreclosure claim. The relevant documents, all of which were registered with Sacramento County, plainly demonstrate that the foreclosing parties acted within their rights: the Grant Deed for the property (ECF No. 24-1 at 4-5), the Deed of Trust (Id. at 7-24), and the Assignment of the Deed of Trust by which the initial holder of the DOT (Mortgage Electronic Registration Systems, Inc, did "convey, grant, assign, transfer and set over the described Deed of Trust, representation or warranty, together with all rights, tide and interest secured thereby, all liens. and any rights due or to become due thereon to AMERIHOME MORTGAGE COMPANY." Id. at 26. A substitution of trustee was recorded, showing that AmeriHome Mortgage Company as the current Beneficiary under the DOT substituted Prober & Raphael, ALC as Trustee under the DOT. Id. at 28-29. To the extent plaintiff asserts that any instruments were not properly recorded, the judicially noticeable public records disprove that theory. Further, it is undisputed that plaintiff has not made a credible tender of the debt. The facts as presented by plaintiff do not and cannot state a claim for wrongful foreclosure.

*2. Fair Debt Collection Practices Act*

Plaintiff alleges the attorney defendants in this case are debt collectors and the "law firm had no bond to be a debt collector and therefore is in violation of the FDCPA." ECF No. 1 at 13. Plaintiff goes on to state that lawyers are "not licensed to practice law, the nature of lawyer-craft in America as per the United States Supreme Court, The practice of law cannot be license by any state/State" and that the practice of law is an "occupation of common right." Id.

The Supreme Court has held that entities (such as law firms) "who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]" with the limited exception of one portion of the Act, 14 U.S.C. § 1692f(6). Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1038 (2019). This section states that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . [including] Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if — (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 14 U.S.C. § 1692f(6).

Plaintiff has not and cannot show that the law firm defendants violated § 1692f(6). The recorded documents discussed above demonstrate a right to initiate foreclosure proceedings on the subject property. Plaintiff's assertions, even construed liberally, do not support a plausible FDCPA claim and cannot in any case defeat the legal effect of the recorded documents. Plaintiff's FDCPA claim necessarily fails and cannot be amended to succeed.

*3. Truth in Lending Act (Regulation Z)*

Plaintiff's only allegation with respect to his Truth in Lending Act ("TILA") claim is that there is no debt because his "financial asset was exchanged for Federal Reserve promissory notes in an even exchange" and the "failure to disclose the true nature of the exchange is clearly misrepresentation, fraud, harassment, unfair means, and deception to collect debt." ECF No. 1 at 8. Plaintiff's TILA claim is untimely: there is a one-year statute of limitations for civil liability

claims under TILA that generally[1] runs from the date of consummation of the transaction.  See 15 U.S.C.A. § 1640(e).  The Grant Deed in this case was recorded in 2018; the statute of limitations has passed, and plaintiff cannot bring a TILA claim for civil liability.

    *4. Breach of Contract*

  Plaintiff's breach of contract claim is premised on the argument that he was "never provided a loan," the original debt was zero, that "contracts requiring lawful money are illegal," and that the "Federal Reserve Corporation" does not have a monopoly on promissory notes, as "debt collectors insist."  ECF No. 1 at 9.  Under California law, in order to plead a cognizable breach of contract a plaintiff must allege facts demonstrating: (1) the existence of a contract; (2) plaintiff's performance of his contractual duties; (3) defendant's failure to perform his contractual duties; and (4) the damage resulting to the plaintiff.  Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); see also, J & J Pumps, Inc., 795 F.Supp.2d 1023, 1027 (E.D. Cal. 2011).  Plaintiff's allegations do not establish any of the necessary elements for a breach of contract claim; indeed, he alleges that there was never a loan and thus never a contract.  Because plaintiff does not and cannot plead the basic requirements for a breach of contract claim, this claim must be dismissed.

    *5. Federal Trust and Lien Laws*

  Plaintiff alleges that defendant Mendez violated "Federal Trust and Lien Laws when she signed on behalf of the trustee without legal authorization."  ECF No. 1 a 15.  This claim fails because it is not a cognizable cause of action under federal law.  Further, the recorded documents discussed above demonstrate that Ms. Mendez's law firm, Prober & Raphael, ALC, was the properly substituted trustee.  This claim must be dismissed.

    *6. Slander of Title*

  Plaintiff alleges that the "defendants have caused to be recorded various documents including a Notice of Trustee Sale which has impaired the plaintiff's title which constitutes

---

[1] An exception would be the application of equitable tolling, but plaintiff's allegations in this case – which essentially assert that the loan never existed in the first place – make it clear that equitable tolling does not apply.

slander of title." ECF No. 1 at 15. Plaintiff cannot bring a claim for slander of title based on the recording of a notice of default and notice of trustee sale on the subject property, because these are privileged recordings. Slander or disparagement of title is accomplished if a publication is reasonably understood to cast doubt upon the existence or extent of another's interest in land. Fearon v. Fodera, 169 Cal. 370, 379-80 (1915); Hill v. Allan, 259 Cal. App. 2d 470, 489 (1968). The elements of the tort are: (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. Trucks Ins. Exchange v. Bennett, 53 Cal. App. 4th 75, 84 (1997). Under Cal. Civ. Code § 2924(a), a trustee, mortgagee or beneficiary or any of their authorized agents may commence the foreclosure process. In initiating the nonjudicial foreclosure process, a trustee must record a notice of default and a notice of sale. Id. Recordation of a notice of default and a notice of sale *are privileged* and cannot form a basis of liability in court. Cal. Civ. Code § 2924(d)(1). Plaintiff cannot bring a slander of title claim based on the recording of the notice of default and sale. Id. This claim must be dismissed.

### 7. Slander of Credit

Plaintiff alleges that "the actions and inactions of the defendants have impaired their credit." ECF No. 1 at 15. Plaintiff does not allege that defendants disclosed any private financial information contrary to law. Importantly here, the recorded documents demonstrate that even if any information was reported that damaged plaintiff's credit, the information was not untruthful or unlawful. Finally, regardless of the disputed "truth" and fact of defendants' credit reporting, plaintiff's complaint fails to even state the elements of slander. It does not identify the parties to whom allegedly slanderous statements were made, or what damage to plaintiff's credit directly resulted from defendants' statement. While detailed factual allegations are not necessary, the complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555–56. This claim must be dismissed. The allegations of the complaint as a whole, and contents of the judicially noticed documents, plainly indicate that amendment would be futile.

### 8. Infliction of Emotional Distress

Plaintiff asserts that defendants have "intentional or negligently taken actions which have caused [him] severe emotional distress." ECF No. 1 at 15.

Negligent Infliction of Emotional Distress ("NIED") is not an independent cause of action but instead a negligence claim, to which the elements of duty, breach of duty, causation and damages apply. Huggins v. Longs Drug Stores California, Inc., 6 Cal.4th 124, 129 (1993). Whether a duty exists is a question of law. Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal.3d 583, 588 (1989). Plaintiff does not allege the element of duty at all, but the court notes that "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 985(1993). The allegations in plaintiff's complaint are devoid of assertions of a duty and include no allegations regarding a threat of physical injury. There is no NIED claim available to plaintiff.

Under California law, a claim of intentional infliction of emotional distress ("IIED") must include allegations of: "(1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's conduct." Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc., 129 Cal. App. 4th 1228, 1259 (2005). Outrageous conduct under the first prong "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community . . . Generally, conduct will be found to be actionable where the 'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998) (citing Rest. 2d Torts, § 46, com. d.)).

Nothing in plaintiff's complaint approaches the elements required to state a claim for IIED. "Moreover, multiple California district courts have held that the act of foreclosing on a home does not qualify as the type of extreme behavior that supports an IIED claim absent allegations of bad faith." Barefield v. HSBC Holdings PLC, No. 1:18-cv-00527-LJO-JLT, 2018

WL 5784707, at *13 (E.D. Cal. Nov. 1, 2018) (quoting Kennedy v. World Sav. Bank, FSB, No. 14-cv-05516-JSC, 2015 WL 1814634, at *9 (N.D. Cal. Apr. 21, 2015)). Though plaintiff alleges that defendants acted unlawfully by beginning the foreclosure process, he does not allege defendants acted in bad faith. Regardless, the recorded documents indicate the defendants acted lawfully. Plaintiff does not allege any particularly harassing or threatening behavior on the part of the defendants. Plaintiff cannot present an IIED claim on the facts of his complaint.

### IV.   CONCLUSION

It is hereby ORDERED that plaintiff's motion to strike (ECF No. 26) is DENIED.

It is FURTHER RECOMMENDED that defendants' motion to dismiss (ECF No. 24) be GRANTED and that this action be dismissed in its entirety with prejudice. It is further recommended that all outstanding motions (ECF No. 23) be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE